This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joan Frances Mariani, has appealed from her conviction for theft by deception in the Summit County Court of Common Pleas. This Court affirms.
In November 1999, Mariani was the vice president of Klodt Associates Insurance Company. The president of Klodt Associates was Dennis Klodt. That same month, the agency received a check made payable to the agency in the amount of $2,004.57 from Progressive Insurance. Klodt placed the check in his office and went on vacation. Upon returning from his vacation, Klodt could not find the check from Progressive. Klodt contacted Progressive and learned that the check had been cashed. Progressive faxed Klodt a copy of the check, which had been endorsed by Mariani and deposited in an account at First Merit Bank, but not in the agency's account. Klodt then filed a police report at the Akron police station.
 Mariani was charged with one count of theft by deception in violation of R.C. 2913.02(A)(3). Pursuant to a jury trial, Mariani was found guilty, and the trial court judge sentenced her accordingly. Mariani filed a timely appeal, and has asserted the following assignment of error: ASSIGNMENT OF ERROR
 THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN GIVING IMPROPER JURY INSTRUCTION[S] THAT PREJUDICED THE APPELLANT.
Mariani has argued that the court's failure to instruct the jury that "without the consent of the owner of the person authorized to give consent" is an element of theft, was error that resulted in prejudice to her. This Court disagrees.
Mariani was charged with violating R.C. 2913.02(A)(3), which reads: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]y deception." A careful reading of R.C. 2913.02 reveals that consent is not an element of the crime of theft by deception. See, Statev. Vitale (1994), 96 Ohio App.3d 695, 717 (Nugent, J., dissenting) ("A clear reading of R.C. 2913.02 and case law reveals that consent is not an element of, nor a defense to, the offense of theft by deception."). R.C. 2913.02(A)(1) and (2) clearly state that consent is a part of either of those offenses. However, the omission of the word "consent" in R.C.2913.02(A)(3) shows the intent of the legislature not to make consent an element of that offense. Therefore, it would have been error for the trial court to give the jury an instruction concerning consent as an element of the theft charge of which Mariani was accused. The trial court properly excluded consent from the jury instructions.
Mariani's sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
______________________________________ DONNA J. CARR
BATCHELDER, P.J., BAIRD, J. CONCUR.